# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIA DE LA CRUZ MAGOWAN,
        Appellant,

      v.

ENVIRONMENTAL PROTECTION
    AGENCY,
        Agency.

DOCKET NUMBER
DC-1221-11-0737-B-2

DATE: May 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Maria de la Cruz MaGowan, Bethesda, Maryland, pro se.

David P. Guerrero, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The Board remanded this individual right of action (IRA) appeal to the regional office for the administrative judge to adjudicate the merits of the appellant's claim that the agency converted her approved sick leave for September 30 and October 1, 2010, to absence without leave (AWOL) in reprisal for her April 2003 protected disclosure. *MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9 (2012). On remand, the administrative judge dismissed the IRA appeal without prejudice in response to the appellant's request for a continuance. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-1, Remand Initial Decision (Apr. 24, 2013).

¶3     After the Board denied the appellant's petition for review of that initial decision, *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC‑1221-11-0737-B-1, Final Order (Jan. 30, 2014), she moved to refile the IRA appeal, and the agency responded to clarify the issues, *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-2, Remand File (RF), Tabs 1-2. The administrative judge issued an order in which he noted the refiling of the IRA appeal and reiterated that, consistent with the

Board's Opinion and Order in *MaGowan*, [119 M.S.P.R. 9](#), the only personnel action at issue in the remanded appeal was the agency's decision to convert the appellant's approved sick leave for September 30 and October 1, 2010, to AWOL. RF, Tab 4.  The appellant subsequently waived her right to a hearing and the administrative judge issued an order setting a date for the close of the record, pursuant to which the parties filed further evidence and argument.  RF, Tabs 5, 7‑10.

¶4        On the written record, the administrative judge found that the appellant established that she engaged in whistleblowing by making a protected disclosure in April 2003, to the agency's Office of Inspector General (OIG).  RF, Tab 11, Remand Initial Decision (RID) at 12-13.  Because the appellant's supervisor first learned about that disclosure in July 2009, and specifically asked the appellant about it in May 2010, requesting that she provide her with a copy of the OIG's report into her allegations, the administrative judge also found the appellant's disclosure was a contributing factor in the agency's October 2010 decision to convert her approved sick leave to AWOL via the knowledge/timing test.  RID at 13-15.  Nevertheless, the administrative judge denied the appellant's request for corrective action because she found that the agency established by clear and convincing evidence that it would have converted the appellant's approved sick leave to AWOL in the absence of her protected whistleblowing activity.  RID at 15-22.

¶5        In her timely filed petition for review, the appellant challenges the administrative judge's finding that the agency established by clear and convincing evidence that it would have converted her approved sick leave to AWOL in the absence of her protected whistleblowing activity.  Petition for Review (PFR) File, Tab 1.  She argues that the agency's only evidence in support of its action, the assumption that she must have lied about being sick on September 30 and October 1, 2010, because the agency initially had turned down her annual leave request covering those same days, is not enough to constitute clear and

convincing proof. *Id.* at 2. The appellant claims that the episode is part of a long history of her supervisor abusing her and argues that prior to the sick leave at issue in this matter, her supervisor wrongfully denied her annual leave on the basis that it was a particularly busy period in the office, contending instead that there is no particularly busy period in her workload as she has reporting duties throughout the entire year and had arranged for someone to back her up on the days at issue. *Id.* at 3, 5-7. She argues that she submitted several doctors' notes in support of her claim that she was sick for weeks beginning in August 2010, and that she saw her internal medicine doctor on September 29, 2010, at which time he referred her to an ear, nose, and throat specialist because he did not know what was wrong with her. *Id.* at 4-5. The appellant also argues that the agency failed to show that other employees who are not whistleblowers are asked to provide medical evidence every time they are sick and that the agency converts their approved sick leave to AWOL when they fail to submit such documentation. *Id.* at 8. She cites several episodes of agency employees who were involved in very serious misconduct but did not have any of their time converted to AWOL as a result. *Id.* at 8-10.

¶6 With her petition for review, the appellant includes evidence regarding whether she actually grieved the agency's failure to noncompetitively promote her to the GS-15 level. *Id.* at 21-22. She contends that she submitted these documents below and that they are a part of the record but that the administrative judge denied having seen them. *Id.* at 10, 21-22. She also asserts that the administrative judge denied her request for certain witnesses at the hearing, and she reiterates her arguments as to why she was not AWOL and should not have had to produce medical documentation for her absences on September 30 and October 1, 2010. *Id.* at 11-12. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

¶7 After establishing the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of whistleblower retaliation by proving by

preponderant evidence that she made a protected disclosure that was a contributing factor in a personnel action against her. 5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012). If the appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011). The administrative judge found that the appellant proved by preponderant evidence that her April 2003 disclosure to OIG was a contributing factor in the agency's decision to convert her approved sick leave to AWOL. RID at 12-15. The agency does not challenge those findings on review, and we see no reason to disturb them. Thus, the issue on review is whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's disclosure.

¶8      In determining if an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). For the following reasons, we agree with the administrative judge that the agency proved by clear and convincing evidence that it would have converted the appellant's approved sick leave to AWOL in the absence of her protected activity.

¶9      The record reflects that, during a September 28, 2010 meeting called to discuss the agency's denial of the appellant's request for annual leave for September 30 and October 1, 2010, the appellant stated something to the effect that she did not feel well and she therefore might be sick on those days. RF,

Tab 9 at 16-17. Under those circumstances, it was not unreasonable for the agency to find it necessary to require medical evidence to support the appellant's sick leave request for those dates or for it to charge her with AWOL when she did not present one. *See* 5 C.F.R. § 630.405(a). Moreover, we agree with the administrative judge that none of the appellant's arguments about the details of her leave request render the agency's request for medical evidence unreasonable or unnecessary under these circumstances. RID at 16-20. Thus, we find that the agency's evidence supporting its action in this matter is strong.

¶10    Concerning the motive of the appellant's supervisor to retaliate against her for her April 2003 protected disclosure, the administrative judge found no persuasive evidence of retaliatory motive, noting that the supervisor had approved hundreds of hours of leave for the appellant between July 2009 and September 2010, including sick leave, without requiring her to submit medical evidence in support. RID at 20-21. Additionally, the appellant's supervisor did not serve in that role until January 2009, long after the appellant's disclosure, and she was not complicit in any of the misconduct alleged in the appellant's protected disclosure. RID at 21. Moreover, the strong evidence noted above supporting the specific action in this matter clearly outweighs any motive based on the negative effect of the appellant's general criticism of agency management on those not directly involved in her protected disclosure. *See, e.g*, *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370-71 (Fed. Cir. 2012).

¶11    On the third *Carr* factor, there is no evidence that similarly situated nonwhistleblowing employees have been required to submit doctors' notes for similar absences. RID at 21-22. Where, as here, there is no evidence on the third *Carr* factor, it is not considered a significant factor, and the analysis instead turns on the other two factors. *See, e.g*, *Whitmore*, 680 F.3d at 1374. Again, considering the strong evidence in support of the agency's straightforward action in this matter, especially bearing in mind the context of the appellant's announcement that she might call in sick on the day she was denied annual leave,

and the lack of any significant evidence showing a motive to retaliate on the part of the appellant's supervisor, we agree with the administrative judge that the agency showed by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure. Thus, we agree with the administrative judge's decision to deny the appellant's request for corrective action in this appeal.

¶12    As for the appellant's nonpromotion claim, the administrative judge found in the first initial decision that because the appellant had elected to use the negotiated grievance procedure, the Board lacked jurisdiction over that action. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-W-1, Initial Decision (Oct. 4, 2011). Because the appellant failed to challenge that finding in her subsequent petition for review of that initial decision, she may not pursue that claim here. *MaGowan*, 119 M.S.P.R. 9, ¶ 4; *see, e.g.*, *Dow v. Office of Personnel Management*, 95 M.S.P.R. 355, ¶ 10 (2003) (explaining that, under the law of the case doctrine, a tribunal will not reconsider issues that have already been decided in the course of an appeal). Regarding the appellant's claim that the agency denied her the chance to call certain witnesses, the record reflects that she waived her right to a hearing in this matter. RF, Tab 5. She indicates in her petition for review that this claim concerns her request for a hearing in 2013 in this IRA appeal. PFR File, Tab 1 at 11. However, the record reflects that the administrative judge dismissed the appeal without prejudice in April 2013, before the scheduled hearing, in response to the appellant's request for a continuance. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-11-0737-B-1, Initial Decision (Apr. 24, 2013). Because the appellant filed a petition for review of that decision, the appeal was not refiled until January 2014, and, as noted above, the appellant then waived her right to a hearing. RF, Tabs 1, 5. Moreover, the record reflects that the appellant failed to raise her arguments regarding witnesses prior to waiving her right to a hearing. The appellant's failure to timely object to rulings on

witnesses precludes her doing so on petition for review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶13    Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27,

2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:　　　　　_____
　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.